Case 5:11-cv-00668   Document 82   Filed 09/29/11   Page 1 of 6 PageID #: 17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

BRIAN FANARY,                          )
                                       )
          Movant,                      )
                                       )
v.                                     )          CIVIL ACTION NO. 5:11-0668
                                       )          (Criminal No. 5:10-0003)
UNITED STATES OF AMERICA,              )
                                       )
          Respondent.                  )

## PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at FCI Morgantown, filed a Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on September 27,

2011.[1] (Document No. 78.) By Standing Order, Movant's Motion was referred to the undersigned

United States Magistrate Judge for the submission of proposed findings of fact and a

recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 80.)

## FACTUAL AND PROCEDURAL BACKGROUND

On April 20, 2010, Movant pled guilty to possession with the intent to distribute a quantity

of oxycodone in violation of 21 U.S.C. § 841(a)(1) (Count 3), and to being a felon in possession of

a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 4). (Criminal Action No. 5:10-

0003, Document Nos. 45 and 48.) Movant was sentenced on October 5, 2010. (Id., Document Nos.

59 and 62.) The District Court determined that Movant had a Base Offense Level of 28, and a Total

Offense Level of 25, the Court having granted a three-level downward adjustment for acceptance

of responsibility. (Id., Document No. 63.) The District Court ordered that Movant serve a 85-month

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to
a less stringent standard than if they were prepared by a lawyer, and therefore they are construed
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

term of incarceration to be followed by a three-year term of supervised release. (Id., Document No. 65.) The District Court also imposed a $200 special assessment. (Id.) Movant, by counsel, filed a Notice of Appeal on October 21, 2010. (Id., Document No. 69.)

On May 2, 2011, Movant filed a *pro se* Motion for Appointment of New Counsel. On May 6, 2011, the Fourth Circuit granted Movant's Motion and appointed Dennis M. Hart as counsel. On July 25, 2011, Movant, by counsel, filed his Appellate Brief. In his brief, Movant contends that (1) trial counsel acted ineffectively during his sentencing proceeding by "permitt[ing] him to be sentenced based, in part, on a quantity of drugs for which there was no evidence or agreement that all of these drugs were possessed with the intention to distribute;" and (2) the District Court imposed a sentence that exceeded the maximum authorized by Movant's guilty plea in violation of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). On July 26, 2011,the United States filed a Motion for Extension of Time to file a Response Brief, which the Fourth Circuit granted. On August 31, 2011, the United States filed their second Motion for Extension of Time to file a Response Brief. The Fourth Circuit granted the United States' Motion and ordered that the United States file their Response Brief by October 19, 2011. Accordingly, Movant's appeal is currently pending before the Fourth Circuit. United States v. Fanary, Case No. 10-5101 (4th Cir.).

On September 27, 2011, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Civil Action No. 5:11-0668, Document No. 78.) Movant asserts the following grounds for *habeas* relief:

> 1. Whether trial counsel for the Petitioner rendered ineffective assistance of counsel in his failure to fully and accurately discuss and explain to the Petitioner his intended sentencing strategy, thereby rendering the Petitioner's guilty plea involuntary.
>
> 2. Whether trial counsel for the Petitioner rendered ineffective assistance of counsel in this failure to, prior to, and/or at sentencing, to argue that a proper drug quantity

calculation could not include those drug quantities attributable to the sixty-nine (69) pills found in the possession of the Petitioner's girlfriend, Ashley Bragg.

3. Whether trial counsel for the Petitioner rendered ineffective assistance of counsel in his election, prior to sentencing, to withdraw the six (6) objections previously filed to the Petitioner's PSR and in his failure to argue that the Petitioner's silence did not constitute judicial admission.

4. Whether Appellate counsel for the Petitioner rendered ineffective assistance of counsel in his election to only raise ineffective assistance of counsel as a viable direct appeal issue.

(Id., pp. 7 - 8.) As relief, Movant requests that the Court "reverse the District Court's sentencing determination and remand for re-sentencing." (Id., p. 8.)

## ANALYSIS

Absent extraordinary circumstances, the Court should not consider a Section 2255 Motion while a direct appeal is pending. Bowen v. Johnston, 306 U.S. 19, 26-27, 59 S.Ct. 442, 83 L.Ed. 455 (1939)("[T]he rule is not so inflexible that it may not yield to exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent. Among these exceptional circumstances are those indicating a conflict between state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions.); Walker v. Connor, 72 Fed.Appx. 3, 4 (4th Cir. 2003)(noting that a Section 2255 motion would have been premature because petitioner's direct appeal was still pending); Davis v. Scott, 176 F.3d 805, 807 (4th Cir. 1999)("[T]he application purported to seek relief pursuant to 28 U.S.C. § 2241 when it should have sought relief under 28 U.S.C. § 2255; and the application was premature because Davis's direct appeal was still pending at that time."); United States v. Davis, 604 F.2d 474, 484-85 (7th Cir. 1979)("Ordinarily a Section 2255 action is improper during the pendency of an appeal from the conviction."); Womack v. United States, 395 F.2d 630 (D.C. Cir. 1968)("A motion under Section

2255 is an extraordinary remedy and not a substitute for a direct appeal. Moreover, determination

of the direct appeal may render collateral attack unnecessary."); <u>Kiser v. United States</u>, 2010 WL

4780376 (S.D.W.Va. Nov. 16, 2010)(J. Copenhaver)(finding that "Movant may not avail himself

of collateral relief prior to the final adjudication of his direct appeal."); <u>Rendelman v. United States</u>,

2008 WL 2945559 (D.Md. July 28, 2008)("Absent extraordinary circumstances, a district court is

precluded from considering a § 2255 motion while review of a defendant's criminal case on direct

appeal is pending."), <u>affd.</u>, 308 F.Appx. 685 (4th Cir. 2009). The undersigned concludes that

Movant's Section 2255 Motion fails to present extraordinary circumstances compelling this Court

to consider his Motion during the pendency of his direct appeal. Of course, Movant may refile his

Section 2255 Motion after his appeal proceedings are completed.[2] <u>See United States v. Gardner</u>, 132

Fed.Appx. 467, 468 (4th Cir. 2005)(finding that movant did not need authorization to file a

successive Section 2255 motion where his first Section 2255 motion was dismissed as premature

due to his pending direct appeal); <u>Villaneuva v. United States</u>, 346 F.3d 55, 60 (2nd Cir.

---

[2] Pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

2003)(finding that a Section 2255 Motion dismissed as premature does not trigger the successive petition bar). Accordingly, the undersigned recommends that Movant's Section 2255 Motion be dismissed without prejudice.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 78.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466,

88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*, and counsel of record.

Date: September 29, 2011.

R. Clarke VanDervort
United States Magistrate Judge